## Juan Alfredo Torres ZEPEDA; Maria Teresa Torres Hernandez, Petitioners,

v.

## Alberto R. GONZALES, Attorney General, Respondent.

### No. 05–70132.

United States Court of Appeals, Ninth Circuit.

Submitted June 12, 2006.*

Filed June 21, 2006.

Juan Alfredo Torres Zepeda, Riverside, CA, pro se.

Maria Teresa Torres Hernandez, Riverside, CA, pro se.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Shelley R. Goad, Esq., U.S. Department of Justice

courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: WALLACE, KLEINFELD, and BERZON, Circuit Judges.

## MEMORANDUM **

Juan Alfredo Torres Zepeda, and his wife, Maria Teresa Torres Hernandez, natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' ("BIA") order denying their motion to reopen removal proceedings. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review the denial of a motion to reopen for abuse of discretion. *Ordonez v. INS*, 345 F.3d 777, 782 (9th Cir.2003). We deny in part and dismiss in part the petition for review.

Petitioners' motion to reopen did not assert that their removal would cause hardship to their United States citizen children, did not include any evidence of hardship, and did not include any evidence regarding two of the ten years Petitioners claim to have been present in the United States. The BIA did not abuse its discretion in denying the motion to reopen on the ground that Petitioners failed to establish prima facie eligibility for cancellation of removal. *See Ordonez*, 345 F.3d at 785 (holding that prima facie eligibility is demonstrated by showing there is a reasonable likelihood that the statutory requirements for relief have been satisfied).

To the extent Petitioners challenge the BIA's dismissal of their direct appeal from the immigration judge's decision denying their request for a continuance, we lack jurisdiction, as they failed to petition for

** This disposition is not appropriate for publication and may not be cited to or by the

review within thirty days of that decision. *See* 8 U.S.C. § 1252(b)(1); *Stone v. INS*, 514 U.S. 386, 405, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995).

## PETITION FOR REVIEW DENIED in part; DISMISSED in part.